UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SANDRA DECKER FULLER,

                Plaintiff,                09-CV-6279

v.

MICHAEL S. ASTRUE,                        **ORDER**
Commissioner of Social Security,

                Defendant.
_____

    Plaintiff, Sandra Decker Fuller, brought this action pursuant to Titles II and XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security, denying her claim for disability benefits and supplemental security income. (Docket No. 1.) In a Decision and Order dated December 6, 2010, this Court granted Plaintiff's Motion for Judgment on the Pleadings, and remanded the case to the Social Security Administration for the calculation and payment of benefits. (Docket No. 10.) By Stipulation and Order dated February 17, 2011, this Court awarded Plaintiff attorney's fees in the amount of $7085.32 and costs in the amount of $350.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Docket No. 12.)

    Plaintiff now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $9,532.25 which represents 40.70 hours of work, at a rate of approximately $234 per hour. By letter dated September 13, 2011, the Commissioner notified the Court that it has reviewed Plaintiff's request for attorney's

fees pursuant to § 406(b)(1) and it does object to an award of fees in this case.

The fee applicant bears the burden of establishing that the requested fees are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Alnutt v. Cleary, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." See Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99. The Court has broad discretion to determine the amount of time reasonably expended. See Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir.1986). District courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. See e.g., Cruz v. Apfel, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y.1997).

Here, Plaintiff's attorney spent 40.70 hours of time preparing his appeal and requests an hourly rate of approximately $234 per hour. As evidenced in this Court's December 6, 2010 Decision and Order, Plaintiff had filed three applications for benefits, the first in 1995, and she had twice appealed the unfavorable decisions of the Commissioner. This case was procedurally complex and Plaintiff's medical history was lengthy. Under these circumstances

and after having reviewed Plaintiff's fee request and her attorney's contemporaneous time records, the Court finds that the fees requested are reasonable.

Accordingly, Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) is granted. Defendant is hereby Ordered to pay Plaintiff $9,532.25 in attorney's fees.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          s/ Michael A. Telesca
                                             MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            September 16, 2011